LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd - Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUJUNG PARK, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COVE HOUSE, LLC, SUSHI TIMES LLC, KSJ LLC, KPM VENTURES LLC, KOB LLC, JOMARU LV LLC, HJH LLC, BOBAE LLC, 4049 LLC, EVERYDAY HENDERSON LLC, BAN CHAN LLC, RAMEN AKU LLC, JIHYUK HWANG and XYZ Corporations I to XX, name fictitious true name of number of entities being unknown,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Sujung Park, Individually (the "named plaintiff") and on behalf of others similarly situated by and through her attorneys, Leon Greenberg Professional Corporation, as and for a Complaint for Violation of the Fair Labor Standards Act and Nevada State Law alleges as follows:

**JURISDICTION, PARTIES AND PRELIMINARY STATEMENT**

1. This Court has original federal question jurisdiction over the claims presented herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 USC Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)). The Court has supplemental jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

2. The plaintiff, SUJUNG PARK, is currently a resident, and during all relevant times was a resident, of Clark County, Nevada, and is now a former employee of the defendants.

3. Defendants COVE HOUSE LLC, SUSHI TIMES LLC, KSJ LLC, KPM VENTURES LLC, KOB LLC, JOMARU LV LLC, HJH LLC, BOBAE LLC, 4049 LLC, EVERYDAY HENDERSON LLC, BAN CHAN LLC, and RAMEN AKU LLC (the “Corporate Defendants”) are all domestic limited liability companies formed and existing pursuant to the Laws of the State of Nevada each having their principal place of business in Clark County, Nevada.

4. The Corporate Defendants in respect to the activities of plaintiff and those similarly situated pay such persons as employees for their labor through a common payroll, share and interchangeably use the same equipment and personnel, engage in joint and overlapping activities, and are subject to common management, ownership, and control, and for the purposes of the FLSA constitute a single enterprise and joint employers of the plaintiff and the persons similarly situated to the plaintiff.

5. The defendant, JIHYUK HWANG, is a resident of Clark County, Nevada.

6. The defendant, JIHYUK HWANG, is the manager of each of the Corporate Defendants.

7. The defendant, JIHYUK HWANG, is the owner of each of the Corporate

Defendants.

8. The defendant JIHYUK HWANG (the "Individual Defendant") as the controlling owner, manager, member, and/or agent of the Corporate Defendants and, as detailed herein, has acted as an "employer or agents of an employer" of the plaintiff and the putative FLSA collective action members within the meaning of the FLSA and as a result is fully liable for all claims made herein arising under the FLSA.

9. The Individual Defendant is personally liable for the FLSA violations alleged herein, and has "acted as an employer" within the meaning of the FLSA as alleged in paragraph 8 by committing the following acts and/or omissions: By having the plaintiff and other similarly situated employees regularly perform 40 or more hours of work per week without the payment of overtime ("time and one-half pay") for all hours they worked in excess of 40 hours per week as required by the FLSA; by having tips given to the plaintiffs and other similarly situated employees taken from them or used by their employer in a fashion that violates the FLSA; and by allowing or directing or causing or acquiescing to the policies that caused the termination of plaintiff SUJUNG PARK from her employment in violation of 29 U.S.C. § 215. Such circumstances and policies were imposed by the Corporate Defendants pursuant to the Individual Defendant's orders and/or as a result of the Individual Defendant's other decision making and/or the express assent, agreement and knowledge despite the Individual Defendant's likely awareness such policies were in violation of the FLSA and his ability and authority to stop such violations of the FLSA, such failure by the Individual Defendant to act and/or inform themselves of the illegality of such actions being intentional and/or willful and/or wanton and reckless as the profitability of the Corporate Defendants and the Individual Defendant's personal enrichment was advanced by such violations of the FLSA and the Individual Defendant substantially profited from the Corporate Defendants' FLSA violations and as a result took no actions to prevent or correct such violations.

10. The "XYZ Corporations I to XX" defendants are entities whose identities

are currently unknown to the plaintiff but when their identities are known will be appropriately identified in this case through an amended pleading, such "XYZ Corporations I to XX" entities are alleged to be liable to the plaintiff and other persons similarly situated for the same reasons and in the same fashion that the Corporate Defendants are alleged to be liable to the plaintiff and such similarly situated persons and all allegations and claims in this complaint made as to the Corporate Defendants are to be understood to also be against the "XYZ Corporations I to XX" defendants.

11. The Corporate Defendants and the Individual Defendant are engaged in a for-profit business which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are for those reasons and/or other reasons are employers subject to the jurisdiction of the FLSA.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AGAINST THE DEFENDANTS FOR UNPAID OVERTIME WAGES**

12. The named plaintiff brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) against the defendants on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action, the FLSA collective action members.

13. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 207, the named plaintiff and the FLSA collective action members were entitled to an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiff and the FLSA collective action members worked more than 40 hours per week for the defendants and such defendants willfully failed to make said overtime wage payments.

14. Upon information and belief, the defendants' policy of not paying overtime wages required by the FLSA was universal and applied to all of its employees in all

hourly compensated positions in the State of Nevada, the defendants operating over 20 public food and beverage locations, including restaurants and taverns, in Nevada.

15. In respect to the particular week or weeks during which the named plaintiff worked in excess of 40 hours, but did not receive the time and one-half pay required by the FLSA, such plaintiff alleges those circumstances occurred during at least one week during the period from January 16, 2025 thorough February 28, 2025. The named plaintiff alleges the same as a mathematical certainty based on defendants' semi-weekly payroll records and the recorded hours of work by the plaintiff indicated on those records. The named plaintiff believes such circumstances occurred during more than a single week during the course of her employment, and in months besides January or February of 2025, but her ability to provide a more precise statement of such weeks is limited because the seven-day reoccurring period used by the defendants for FLSA compliance purposes is unknown and not determinable from their semi-weekly payroll records. In addition, those records do not record certain periods of time that the plaintiff worked. The named plaintiff will be able to provide a more detailed and precise statement of her unpaid FLSA overtime hours after conducting appropriate discovery in this case.

16. The defendants' violations of the applicable overtime pay provisions of the FLSA, 29 U.S.C. § 207, were willful.

17. The named plaintiff on behalf of themselves and all other members of the putative FLSA collective action who consent in writing to join this action, seek, on this First Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiff and any such other persons who consent to join this action, and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AGAINST THE DEFENDANTS FOR MISAPPROPRIATION OF TIPS**

18. The named plaintiff brings this Second Claim for Relief pursuant to 29 U.S.C. § 216(b) against the defendants on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action, the FLSA collective action members.

19. Pursuant to 29 U.S.C. § 203(m)(2)(B) "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips...."

20. Defendants have willfully violated 29 U.S.C. § 203(m)(2)(B) by keeping tips for the two following purposes:

(A) Requiring the plaintiff and those similarly situated to give a portion of their tips to other employees who do not regularly and customarily receive tips from customers; and

(B) Requiring the plaintiff and those similarly situated to give a portion of their tips to managers and supervisors of the defendants.

21. Defendants committed the violations of 29 U.S.C. § 203(m)(2)(B) alleged in the foregoing paragraph by requiring all tips received by the named plaintiff and similarly situated persons who regularly and customarily received tips from customers be turned over to the defendants. The defendants would then, pursuant to either a formula or in an arbitrary manner determined by them but not disclosed to the named plaintiffs or such similarly situated persons, distribute those pooled tip monies in such manner as they unilaterally decided, some to the named plaintiffs and similarly situated persons who regularly and customarily received tips from customers, some to other hourly employees of the defendants who did not regularly and customarily receive any tips from customers, and some to its supervisors and managers and with some also potentially being retained by the defendants who made no full disclosure about their

distribution of those monies.

22. The named plaintiff on behalf of themselves and all other members of the putative FLSA collective action who consent in writing to join this action and who were aggrieved by defendants' violation of 29 U.S.C. § 203(m)(2)(B) seek, on this Second Claim for Relief, a judgment for all improperly taken tips and additional liquidated damages of 100% of any improperly taken tips, such sums to be determined based upon an accounting of the tips improperly taken by the defendants that should have been paid to the named plaintiff and any such similarly situated persons who consent to join this action, and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO NRS 608.018 ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AGAINST THE CORPORATE DEFENDANTS**

23. The named plaintiff brings this Third Claim for Relief pursuant to NRS 608.018 against the Corporate Defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claim as provided for by FRCP Rule 23.

24. The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Third Claim for Relief (the "NRS 608.018 class") are all of the persons employed by the Corporate Defendants within the statute of limitations applicable to claims under NRS 608.018 through the date of judgment in this case and who share the same relevant circumstances as the named plaintiff: they worked in excess of 40 hours a week or 8 hours a day and they did not receive time and one-half their regular rate of pay for such hours worked in excess of 40 hours a week or 8 hours a day as required by NRS 608.018.

25. The NRS 608.018 class may include one or more sub-classes if the Court finds that more manageable.

26. The members of the NRS 608.018 class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity

and number of such class members is readily ascertainable by a review of the Corporate Defendants' records through appropriate discovery.

27. There is a well-defined community of interest in the questions of law and fact affecting the members of the NRS 608.018 class as a whole.

28. Proof of a common or single set of facts will establish the right of each member of the NRS 608.018 class. These common questions of law and fact predominate over questions that affect only individual class members. The named plaintiff's claims are typical of those of the other members of such class.

29. A class action is superior to other available methods for the fair and efficient adjudication of the NRS 608.018 class member claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the Corporate Defendants' practices were uniform and the burden is on them to establish that their methods for compensating the class members complies with the requirements of Nevada law.

30. The named plaintiff will fairly and adequately represent the interests of the NRS 608.018 class and has no interests that conflict with or are antagonistic to the interests of such class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

31. The named plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

32. There is no plain, speedy, or adequate remedy other than by maintenance of the NRS 608.018 class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the Corporate Defendants and result in the impairment of class members'

rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

33. The named plaintiff on behalf of themselves and all other members of the NRS 608.018 class seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiff and the other class members along with an award of attorney's fees, interest and costs as provided for by Nevada law.

**AS AND FOR A FOURTH CLAIM FOR RELIEF PURSUANT TO NRS 608.135 ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AGAINST THE CORPORATE DEFENDANTS**

34. The named plaintiff brings this Fourth Claim for Relief pursuant to NRS 608.135 against the Corporate Defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claims as provided for by FRCP Rule 23.

35. The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Fourth Claim for Relief (the "NRS 608.135 class") are all of the persons who were formerly employed by the Corporate Defendants, such as the named plaintiff, who are also members of the NRS 608.018 class and/or the FLSA collective action and have terminated their employment with the Corporate Defendants and have not been paid their full wages owed to them by the Corporate Defendants within the time period after such employment terminated, as provided for by NRS 608.020 or 608.030 and as a result have a claim against the Corporate Defendants for the relief and damages provided for by NRS 608.040 and 608.050, to wit, the payment of up to 30 days of wages pursuant to each such statute as a continuing wage payment or as a penalty as a result of the Corporate Defendants' failure to pay such persons their full wages within the time period specified by Nevada law after such persons' termination of their employment with the Corporate Defendants.

36. The NRS 608.135 class may include one or more sub-classes if the Court finds that more manageable.

37. The members of the NRS 608.135 class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Corporate Defendants' records through appropriate discovery.

38. There is a well-defined community of interest in the questions of law and fact affecting the NRS 608.135 class as a whole.

39. Proof of a common or single set of facts will establish the right of each member of the NRS NRS 608.135 class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The named plaintiff's claims are typical of those of the other members of such class.

40. A class action is superior to other available methods for the fair and efficient adjudication of the NRS 608.135 class claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the relevant facts regarding the conduct of the Corporate Defendants are the same for all of such class members.

41. The named plaintiff will fairly and adequately represent the interests of the NRS 608.135 class and has no interests that conflict with or are antagonistic to the interests of such class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

42. The named plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

43. There is no plain, speedy, or adequate remedy other than by maintenance

of the NRS 608.135 class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the Corporate Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

44. As a result of the foregoing the plaintiff and the members of the NRS 608.135 class seek a judgment against the Corporate Defendants for all damages, wages, and penalties properly awarded to them pursuant to NRS 608.040 and 608.050 along with the other relief, such as a lien on such Corporate Defendants' property, granted under such statutes, along with interest, costs and attorney's fees.

**AS AND FOR A FIFTH CLAIM FOR RELIEF PURSUANT TO NEVADA COMMON LAW FOR CONVERSION ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

45. The named plaintiff brings this Fifth Claim for Relief pursuant to Nevada's common law for conversion against the defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claim as provided for by FRCP Rule 23.

46. The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Fifth Claim for Relief (the "Conversion Claims Class") are all of the persons employed by the Corporate Defendants who within the statute of limitations applicable to such claims through the date of judgment in this case and who share the same relevant circumstances as the named plaintiff: during the course of their work they regularly and customarily received tips from customers they served those tips being their legal property and a portion of such property was taken from them by the defendants, such class membership excluding any such persons during periods of

time they received tips from customers while employed as supervisors or managers of the defendant as those two terms are defined by the FLSA.

47. The Conversion Claims Class may include one or more sub-classes if the Court finds that more manageable.

48. The members of the Conversion Claims Class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Corporate Defendants' records through appropriate discovery.

49. There is a well-defined community of interest in the questions of law and fact affecting the members of the Conversion Claims Class as a whole.

50. Proof of a common or single set of facts will establish the right of each member of the Conversion Claims Class. These common questions of law and fact predominate over questions that affect only individual class members. The named plaintiff's claims are typical of those of the other members of such class.

51. A class action is superior to other available methods for the fair and efficient adjudication of the Conversion Claims Class member claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the defendants' practices were uniform and the alleged conversion of the class members' property was pursuant to a common and uniform scheme implemented by the defendants.

52. The named plaintiff will fairly and adequately represent the interests of the Conversion Claims Class and has no interests that conflict with or are antagonistic to the interests of such class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

53. The named plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently

discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

54. There is no plain, speedy, or adequate remedy other than by maintenance of the Conversion Claims Class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

55. The defendants, by forcing the Conversion Claims Class members to turn over a portion of their tips to defendants, such portion being used by defendants to benefit persons who were not Conversion Claims Class members or otherwise be retained by the defendants, have committed a tortious, willful, and intentional conversion of the Conversion Claims Class members' property because, among other reasons:

(a) Defendants committing a distinct act of wrongful dominion over such property by requiring its deposit with the defendants for the defendants' later disposition as the defendants determined such disposition not resulting in the return of that property in full to each member of the Conversion Claims Class; and

(b) Such act by the defendants was in denial of, or inconsistent with, or in derogation, exclusion, or defiance of the Conversion Claims Class members' title or rights to such property.

56. Defendants' conduct, involving its coercion of the Conversion Claims Class members and the use of its superior economic power over such persons, and its wrongful and deceptive conduct in providing no disclosure to the Conversion Claims Class members of how the defendants were distributing the tips/property they were

taking, a portion of which defendants returned to the Conversion Claims Class members, was malicious, oppressive, outrageous and undertaken in reckless disregard of the legal rights of the Conversion Claims Class members

57. The named plaintiff on behalf of themselves and all other members of the Conversion Claims Class members seeks a judgment for the value of all of the property (portion of tips) taken from the Conversion Claims Class members by the defendants and not returned to them, along with a suitable award of punitive damages, along with an award of attorney's fees, interest and costs as provided for by Nevada law.

**AS AND FOR A SIXTH CLAIM FOR RELIEF PURSUANT TO NEVADA COMMON LAW FOR UNJUST ENRICHMENT ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

58. The named plaintiff brings this Sixth Claim for Relief pursuant to Nevada's common law for unjust enrichment against the defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claim as provided for by FRCP Rule 23.

59. The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Sixth Claim for Relief (the "Unjust Enrichment Class") are all of the persons employed by the Corporate Defendants who within the statute of limitations applicable to such claims through the date of judgment in this case and who share the same relevant circumstances as the named plaintiff: during the course of their work they regularly and customarily received tips from customers they served those tips being their legal property and a portion of such property was taken from them by the defendants under such circumstances as would, as a matter of equity and good conscience, constitute an unjust enrichment to the defendants equal to such portion of tips taken from those Unjust Enrichment Class members, such class membership excluding any such persons for any period of time they received tips from customers while employed as supervisors or managers of the defendant as those two terms are defined by the FLSA.

60. The Unjust Enrichment Class may include one or more sub-classes if the

Court finds that more manageable.

61. The members of the Unjust Enrichment Class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Corporate Defendants' records through appropriate discovery.

62. There is a well-defined community of interest in the questions of law and fact affecting the members of the Unjust Enrichment Class as a whole.

63. Proof of a common or single set of facts will establish the right of each member of the Unjust Enrichment Class. These common questions of law and fact predominate over questions that affect only individual class members. The named plaintiff's claims are typical of those of the other members of such class.

64. A class action is superior to other available methods for the fair and efficient adjudication of the Unjust Enrichment Class member claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the defendants' practices were uniform and the alleged injury sustained by the Unjust Enrichment Class members was pursuant to a common and uniform scheme implemented by the defendants.

65. The named plaintiff will fairly and adequately represent the interests of the Unjust Enrichment Class and has no interests that conflict with or are antagonistic to the interests of such class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

66. The named plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

67. There is no plain, speedy, or adequate remedy other than by maintenance of the Unjust Enrichment Class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

68. The defendants, by retaining and/or using for their own purposes a portion of the tips received by the Unjust Enrichment Claims class members was unjustly enriched in a fashion that equity and good conscious requires be remedied through a judgment directing the restitution by defendant of such portion of those tips to the Unjust Enrichment class members because, among other reasons:

(a) The Unjust Enrichment class members conferred a benefit upon the defendants by diligently providing quality services to the defendants' customers, such services resulting in the tips given to the Unjust Enrichment class members a portion of which were taken by defendants, such services also creating good will towards defendants from its customers and repeat business from such customers for the defendants;

(b) The customers who gave the tips to the Unjust Enrichment class members did so with the expectation and understanding, pursuant to longstanding custom in the United States, that such monies were solely being given in recognition of the services provided by the Unjust Enrichment class members to such customers, such customers also not expecting, and not intending, for any portion of such tips to otherwise be retained by, or paid to, any other persons.

(c) It was inequitable and unjust for defendants to use their superior economic power to coerce the Unjust Enrichment class members to part with a portion of their tips, contrary to the longstanding custom and practice in the United States of respecting such monies as the property of the Unjust Enrichment class members and not part of the property of their employers, the defendants.

69. Defendants' aforesaid unjust enrichment was unfair, inequitable, and unconscionable under the circumstances and should be subject to an appropriate remedy in the form of a judgment directing restitution by the defendants to the Unjust Enrichment class members in a fair and equitable fashion of an amount equal to the amount the defendants were unjustly enriched, along with an award of attorney's fees, interest and costs as provided for by Nevada law.

**AS AND FOR A SEVENTH CLAIM FOR RELIEF PURSUANT TO 29 U.S.C. § 215**

70. Plaintiff Sujung Park brings this claim on behalf of herself and against all of the defendants pursuant to 29 U.S.C. § 215 for damages and all other suitable relief.

71. Pursuant to the FLSA, 29 U.S.C. § 215(a)(3) it is a violation of the FLSA to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint" with an employer regarding any violation of the FLSA's requirements.

72. In May of 2025 plaintiff Sujung Park complained to defendants' managers or supervisors that the overtime pay provisions of the FLSA were being violated by the defendants and that she was owed overtime wages that had not been paid to her.

73. As a direct and proximate result of the plaintiff Sujung Park's complaints made in the foregoing paragraph, and in retaliation for her making those complaints, the defendants, on May 31, 2025, terminated such plaintiff's employment. In doing so the defendants intentionally and willfully violated 29 U.S.C. § 215(a)(3) of the FLSA.

74. As a result of the foregoing, plaintiff Sujung Park seeks all relief available to her pursuant to 29 U.S.C. § 216(b), meaning all legal and equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including compensatory and punitive damages, back pay/lost wages, liquidated damages, reinstatement, front pay and/or such other relief as would be just and proper, along with an award of interest, costs and attorney's fees.

Wherefore, the plaintiff demands a judgment on all claims for relief as alleged aforesaid.

Plaintiff demands a trial by jury on all issues so triable.

Dated this 23rd day of July, 2025

Leon Greenberg Professional Corporation

By: /s/ *Leon Greenberg*
LEON GREENBERG, Esq.
Nevada Bar No.: 8094
1811 South Rainbow Blvd - Suite 210
Las Vegas, Nevada 89146
(702) 383-6085

Attorney for Plaintiff

CONSENT TO JOINDER

SU JUNG PARK, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

SU JUNG PARK