UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Sujung Park,

    Plaintiff

v.

Cove House LLC, et al.,

    Defendants

Case No. 2:25-cv-01350-CDS-BNW

**Order Granting in Part Defendants' Motion to Dismiss**

[ECF No. 10]

  This is a putative collective action suit[1] alleging violations of the Fair Labor Standards Act (FLSA) and related state law claims brought by plaintiff Sujung Park against defendants Cove House LLC, Sushi Times LLC, KSJ LLC, KPM Ventures LLC, KOB LLC, Jomaru LV LLC, HJH LLC, Bobae LLC, 4049 LLC, Everyday Henderson LLC, Banchan LLC, Ramen Aku LLC, and Jihyuk Hwang.[2] Compl., ECF No. 1. Kanji Restaurants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot., ECF No. 10. Park opposes the motion to dismiss. *See* Opp'n, ECF No. 13. Any reply was due by October 8, 2025, *see id.*, however, no reply was filed so this motion is now fully briefed. For the reasons explained herein, I grant the defendants' motion to dismiss in part.

---

[1] A review of the complaint suggests, but does not clearly delineate, that Park seeks to bring a putative collective action under FLSA and possibly a second class (or collective) action for the state law claims. Park brings a claim under Nevada Revised Statutes (NRS) 608.018 on behalf of herself and those "similarly situated" asserting that "they worked in excess of 40 hours a week or 8 hours a day and they did not receive time and one-half their regular rate of pay of such hours worked in excess." ECF No. 1 at ¶ 24. Park also brings a claim under NRS 608.135 on her behalf and those "similarly situated" asserting that they have not been paid their full wages. *Id.* at ¶ 35. The complaint also identifies a "Conversion Claims Class members." *Id.* at ¶ 55. It is unclear if the conversion claim is intended to be inclusive of the other potential collective action members or not. Park is reminded that Rule 8(a)(2) requires, among other things, that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(d)(1) requires "[e]ach allegation [to] be simple, concise, and direct." The current version of the complaint lacks clarity.

[2] In their motion to dismiss, defendants Cove House LLC; Jinhuck Hwang; 4049 LLC; Banchan, LLC; Bobae, LLC; Everyday Henderson, LLC; Jomaru LV, LLC; HJH LLC 2, LLC; KOB, LLC; KPM Ventures 2, LLC; KSJ LLC and KSJ LLC 3 collectively refer to themselves as Kanji Restaurants, so they are identified as such throughout this order.

I.       Background[3]

Park brings seven claims[4] on behalf of herself and "all others similarly situated," alleging violations of the FLSA and Nevada's overtime compensation law.[5] *See* ECF No. 1. As relief, Park seeks payment for unlawfully withheld overtime wages and tips, as well as various forms of equitable relief. *Id.* at ¶¶ 17, 22, 33, 44, 57, 69.

Park alleges that she, and other members of the putative FLSA collective action, worked more than forty hours per week, so they were entitled to an overtime hourly wage and one-half of their regular hourly wage for all overtime hours, which the defendants failed to pay. *Id.* at ¶ 13. Specifically, Park alleges that she did not receive overtime pay "during the period from January 16, 2025 through February 28, 2025." *Id.* at ¶ 15.[6] She further alleges that the defendants willfully violated 29 U.S.C. § 203(m)(2)(B) by keeping tips and requiring her to give her tips to managers, supervisors, and other employees who do not receive tips from customers. *Id.* at ¶ 20.

Park also brings a conversion claim under Nevada law. ECF No. 1 at ¶ 45. She alleges that during her employment, she customarily received tips from customers she served and that those tips were legal property which the defendants took a portion of. *Id.* at ¶ 46. Moreover, Park alleges that there are "Conversion Claims Class members" whose tips were also retained by the defendants "to benefit persons who were not Conversion Claims Class members." *Id.* at ¶ 55.

---

[3] Unless otherwise noted, the court only cites to the complaint (ECF No. 1) to provide context to this action, not to indicate a finding of fact.

[4] I interpret Park's seventh claim as a part of her prayer for relief so any allegations relating to 29 U.S.C. § 215(a)(3) are analyzed under the retaliation section herein. As it relates to this claim, the defendants argue that "plaintiff's termination was proper" due to her actions and omissions, ECF No. 10 at 9–10. I remind counsel that the court looks to the allegations and is "limited to the contents of the complaint" when a motion to dismiss is brought on Fed. R. Civ. P. 12(b)(6) grounds. *See Johnson v. MINI of L.V.*, 2025 U.S. Dist. LEXIS 187298, at *4 (D. Nev. Sept. 24, 2025). Meaning, I analyze each claim to see if they are "adequately allege[d]." *See Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). Defendants' argument is not considered by the court because it is both improper and unsupported by any authority.

[5] *See* NRS 608.018.

[6] Park highlights that she is not able to determine a precise statement of the weeks of her unpaid overtime hours. I note that Park has not provided an estimated number of hours that were unpaid overtime nor an estimated amount of tips that were taken and given to other colleagues and individuals in managerial positions. Park asserts that she will be able to provide a more detailed and precise statement of her unpaid overtime hours after conducting discovery in this case. ECF No. 1 at ¶ 15.

Park alleges that the defendants used "its superior economic power over such persons" and "wrongful and deceptive conduct" by not disclosing to the Conversion Claims Members how the defendants were distributing the tips/property taken. *Id.* at ¶ 56.

Finally, Park brings a common law unjust enrichment claim. *Id.* at ¶ 58. Park alleges that during the course of their work, Park and putative collective action members, received tips from customers, which constituted their legal property, and the defendants took a portion of their property constituting unjust enrichment. *Id.* at ¶¶ 58–59. Park further alleges that unjust enrichment class members[7] conferred a benefit upon the defendants by diligently providing quality services to the defendants' customers, and a portion of the class members' tips were "taken by the defendants." *Id.* at ¶ 68.

## II.     Legal authority

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, in reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015).

---

[7] Again, it is unclear if these members are the same members as the alleged putative members of the other purposed classes.

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the court grants a motion to dismiss for failure to state a claim, then leave to amend should be granted unless the deficiencies of the complaint cannot be cured by amendment, rendering amendment futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.  Discussion

Kanji Restaurants move to dismiss Park's complaint, arguing that her claims are frivolous. *See* ECF No. 10 at 5. They also argue that Park's claims are overburdensome and improper, as she only worked at Cove House (aka Mura Japanese BBQ & Shabu) and not the other restaurants named as defendants. *Id.* The defendants assert that "[t]his excessive filing alone entitles" them to relief. *Id.* The defendants further argue that dismissal is appropriate because: (1) Park was not entitled to overtime; (2) Park's tips were not misappropriated; (3) there was no discrimination in this case; (4) this is not a class action lawsuit; (5) Park's conversion claim fails as a matter of law; (6) there was no unjust enrichment; and (7) all other defendant restaurants and owner should be dismissed. *See generally id.*

### A.  Overtime claims (Claims 1 and 3)

In claims 1 and 3, Park alleges that the defendants violated 29 U.S.C. § 207 and NRS 608.018. Claim 1 is brought "pursuant to 29 U.S.C. § 216(b) against the defendants," but it also appears that she is asserting that the "applicable provisions of the FLSA, 29 U.S. § 207" were violated. ECF No. 1 at ¶¶ 12–13. The lack of clarity constitutes failure to state a claim upon which relief can be granted,[8] but I nonetheless address them.

---

[8] *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990) (Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.).

To survive a motion to dismiss, a plaintiff asserting a claim under 29 U.S.C. § 207 must allege that she (1) worked at least forty hours a week on the clock, and (2) was required to perform specific tasks off the clock (i.e., without compensation) for a specific length of time each shift. *See Pearson v. InTouchCX Sols., Inc.*, 2024 U.S. Dist. LEXIS 171986, at *7 (D. Nev. Sept. 23, 2024) (citations omitted). Similarly, to bring a claim under NRS 608.018, a plaintiff asserting overtime wages must "allege that she worked more than forty hours in a given workweek without being compensated for overtime hours worked during that workweek." *See Chapman v. Las Vegas Basketball L.P.*, 2024 U.S. Dist. LEXIS 144368, at *9 (D. Nev. Aug. 14, 2024) (citations omitted). NRS 608.018 provides that an "employer shall pay 1 ½ times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 ½ times the minimum set forth in NRS 608.250 works more than 40 hours." NRS 608.018(2).[9]

The defendants argue that Park was not entitled to overtime pay because she fails to properly set forth sufficient allegations to show she worked overtime hours, or excess hours, which would have entitled her to overtime. ECF No. 10 at 5–6. In opposition, Park asserts that she has properly pled unpaid overtime by pointing to paragraph fifteen of the complaint. *See* ECF No. 13 at 5; ECF No. 1 at ¶ 15. She also includes a declaration and copies of paystubs (not included in the complaint), asserting that the paystubs show she "was paid $13.00 an hour without payment of any overtime wages." ECF No. 13 at 17.[10]

I agree with the defendants. When reviewing a claim involving overtime wages, the court should determine if the allegations *in the complaint* plausibly state a claim that the defendants failed to pay overtime wages, "keeping in mind that detailed facts are not required." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015). Thus, while the complaint need not allege

---

[9] Because the FLSA and NRS standards are similar, I apply the *Pearson* standard to both claims.
[10] It would be improper to consider the exhibits plaintiff attached to her opposition without converting this motion into a summary judgment motion because they are outside the pleadings, so I decline to consider them. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (when a party submits evidence outside the pleadings in a motion to dismiss, the court converts the motion to a motion for summary judgment and imposes Rule 56's standard.).

specific facts concerning the number of uncompensated work hours, it must do more than "simply parrot the statutory language" and it must "draw on [plaintiff's] memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that a defendant failed to comply with its statutory obligations." *Wieben v. Nev. Gold Mines LLC*, 2025 U.S. Dist. LEXIS 122207, at *7 (D. Nev. June 27, 2025). Park fails to meet these threshold requirements under FLSA and NRS. Instead, she simply asserts, in one paragraph, that she did not receive overtime pay "at least one week during the period from January 16, 2025 through February 28, 2025." ECF No. 1 at ¶ 15. Park fails to allege any "expected" work hours, much less how any work hours exceeded 40-hours. Stated otherwise, she fails to set forth sufficient allegations to demonstrate she is entitled to relief so claims one and three are dismissed without prejudice.

### B. Misappropriation of tips (Claim 2)

The defendants argue that the misappropriation claim should be dismissed because Park's tips were not misappropriated in violation of 29 U.S.C. § 203(m)(2)(B). ECF No. 10 at 6. They argue that a "misappropriation" claim is reserved for cases involving alleged violations of trade secrets, and that they did not control Park's tips. *Id.*

As a threshold matter, the defendants' argument that a claim for "misappropriation" is reserved solely for trade secrets is misplaced. Misappropriation is a claim for relief under trade secrets but that is irrelevant here. 29 U.S.C. § 203(m)(2)(B) makes it unlawful for an employer to keep tips received by its employees for any purpose, "including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." *See* 29 U.S.C. § 203(m)(2)(B). Stated otherwise, 29 U.S.C. § 203(m)(2)(B) makes it unlawful to "misappropriate" tips.

Park alleges that her tips, and those "similarly situated persons," were misappropriated.[11] *See* ECF No. 1 at ¶ 18. These allegations only provide generalized assertions that the defendants required all tips to be turned over to them, and that the defendants would distribute the pooled tip money "pursuant to either a formula or in an arbitrary manner." *See* ECF No. 1 at ¶ 21. If Park is attempting to allege that the defendants unlawfully "pooled tips," it is unclear from the allegations. Indeed, it is not clear precisely what Park is alleging in this claim, and the complaint only sets forth conclusory allegations as to the other putative FLSA collective action members. Consequently, this claim fails. Because it is unclear if amendment would be futile, the second claim is dismissed without prejudice and with leave to amend.

### C. Retaliation claim (Claim 7)

The defendants argue that claim 7 fails because Park has failed to consult with the EEOC or any other state agency. *See* ECF No. 10 at 7. They further assert that Park "fails to provide any act or omission that would amount to any discrimination or retaliation." *Id.* I agree.

As to the allegations under 29 U.S.C. § 215(a)(3), Park alleges that in May 2025, she complained to her managers that the overtime pay provisions of the FLSA were being violated, and as a direct and proximate result of her complaint, the defendants terminated her. ECF No. 1 at ¶¶ 72–73. Lacking from her complaint, however, is any allegation that she consulted with the EEOC prior to bringing this claim. "[I]n order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). This means that a plaintiff must "file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge." *Lyons*

---

[11] Under FLSA Section 216(b), "[employee-plaintiffs] may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018); 29 U.S.C. § 216(b). A plaintiff can show that potential collective members are similarly situated "by making a modest factual showing" that the plaintiff "and potential plaintiffs were victims of a common policy or plan that violated the law." *Thiebes v. Wal-Mart Stores, Inc.*, 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999). Without meeting the "similarly situated standard," Park's request for collective action certification fails. *Campbell*, 903 F.3d at 1100 (explaining that at the pleading stage, plaintiffs first "move for preliminary certification of the collective action, contending that they have at least facially satisfied the similarly situated requirement.") (cleaned up).

7

*v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)). And a plaintiff "must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter" and "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." *Green v. Brennan*, 578 U.S. 547, 553 (2016) (citing 29 C.F.R. § 1614.105(a)(1)) (cleaned up). Neither the complaint nor Park's opposition provides any information regarding any pursuit of administrative remedies, so this claim fails and is dismissed without prejudice.

### D. Class allegations

The defendants argue that Park's class action claims fail because "this is not a class action lawsuit by any means." ECF No. 10 at 7. In response, Park argues that her class and collective action are not subject to dismissal, and that the court should address this in her motion for circulation of notice—wherein she asserts that the FLSA claims are brought as an "opt in" FLSA collective action under 29 U.S.C. § 216(b). *See* ECF No. 13 at 8–9; Notice, ECF No. 11 at 3.[12]

The complaint vaguely asserts that the class of persons are "all of the persons who were formerly employed by the Corporate Defendants." ECF No. 1 at ¶ 35. This is insufficient to demonstrate commonality between her claims and the claims of those "similarly situated" to her because "she fails to plausibly allege [in her complaint] that anyone other than her was subject to the same wage and hour practices and policies or had similar work experiences." *Chapman*, 2024 U.S. Dist. LEXIS 144368, at *20. Despite the unclear and vague allegations, it would be premature to grant the motion to dismiss at this stage as to the class and collective allegations. *See Moser v. Benefytt, Inc.*, 8 F.4th 872, 878 (9th Cir. 2021) (explaining punitive class members are treated as nonparties and become parties to an action and subject to dismissal only after class certification); *In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2025 U.S. Dist. LEXIS 159427, at *46–47 (D. Nev. Aug. 15, 2025) (explaining in the context of a VCPA claim, that the question of

---

[12] The court granted Park's motion for circulation. *See* Order, ECF No. 14.

whether a class action may be maintained is proper to consider at the class certification stage rather than in considering it in a motion to dismiss). So I deny the defendants' request to dismiss the class claims at this time. I remind the plaintiff that if she chooses to re-allege class or collective action allegations, they "must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate." *See Jue v. Costco Wholesale Corp.*, 2010 U.S. Dist. LEXIS 22394, at *15 (N.D. Cal. Mar. 11, 2010).

### E. Conversion claim (Claim 5)

Under Nevada law, "conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion, or defiance of such rights." *See Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006). However, conversion does not require a manual or physical taking of property. *Bader v. Cerri*, 609 P.2d 314, 317 n.1 (Nev. 1980). Conversion may be established by the refusal of a demand for the property. *Blige v. Terry*, 540 P.3d 421, 431 (Nev. 2023) (citations omitted).

The defendants move to dismiss the conversion claim, arguing that the complaint fails to meet the basic elements. *See* ECF No. 10 at 8. In the complaint, Park asserts that the defendants forced the class members to turn over a portion of their tips and have committed a tortious, willful, and intentional conversion. *See* ECF No. 1 at ¶ 55. Park highlights paragraph fifty-five of her complaint, but this one paragraph only lays out a formulaic recitation of the elements of a cause of action. *See* ECF No. 13 at 6–7; ECF No. 1 at ¶ 55. This is insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (explaining that while Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). The complaint fails to plausibly allege facts to show that the defendants "committed tortious, willful, and intentional conversion," defendants' motion to dismiss claim 5 is granted without prejudice and with leave to amend.

### F. Unjust enrichment claim (Claim 6)

The defendants assert the unjust enrichment claim should be dismissed because Park has failed to identify a true benefit that the defendants gained from her employment, so she fails to demonstrate they were enriched. *See* ECF No. 10 at 9. In Nevada, unjust enrichment occurs when a person retains a benefit which in equity and good conscience would belong to another. *See Nevada Indus. Dev., v. Inc. v. Benedetti*, 741 P.2d 802, 804 n.2 (Nev. 1987). Unjust enrichment requires that the plaintiff confer a benefit to the defendant, which the defendant accepts, appreciates, and retains under circumstances that would make it inequitable for the defendant to not pay the value of the benefit conferred. *See Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683, 688 (Nev. 2021). However, unjust enrichment is an equitable remedy, and Nevada recognizes that equitable remedies are not available when the plaintiff has a full and adequate remedy at law. *See Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nev. Sys. of Higher Educ.*, 492 P.3d 540, 541 (Nev. 2021).

Though Park asserts that the defendants retained her tips, she fails to identify which defendant retained them and fails to allege any specific facts about the actions "the defendants" took to unjustly enrich themselves, so this claim fails. I therefore grant the defendants' motion to dismiss for the unjust enrichment claim without prejudice and with leave to amend.

### G. Request to dismiss all defendants except Cove House

Defendants argue that all defendants except Cove House aka Mura Japanese BBQ & Shabu should be dismissed. *See* ECF No. 10 at 10. In opposition, Park argues that all defendants are properly alleged to fall under FLSA's definition of employer, and that her complaint makes "requisite allegations regarding the corporate defendants' status, and the status of Hwang, as employers and joint employers." ECF No. 13 at 8. I disagree in part. Park does allege that defendant Hwang acted as an employer or agent of the plaintiff and "putative FLSA collective action members" within the meaning of the FLSA, so Hwang could be personally liable for the FLSA violations under 29 U.S.C. § 215. *See* ECF No. 1 at ¶¶ 8–9. But Park has not set forth any information regarding the other named restaurant defendants and how they acted as an agent or

employer to fall within the meaning of the FLSA. *See* ECF No. 1 at ¶¶ 3–8. *See Russo v. Fed. Med. Servs., Inc.*, 2025 U.S. Dist. LEXIS 150770, at *19 (N.D. Cal. Aug. 5, 2025) (explaining under the FLSA, an employer is a person acting directly or indirectly in the interest of an employer in relation to an employee). Instead, the complaint only establishes that Park was employed at the Cove House aka Mura Japanese BBQ & Shabu. So I find that this action should only proceed as to defendants Cove House Mura Japanese BBQ & Shabu and Hwang. Consequently, the remaining defendants are dismissed without prejudice and with leave to amend.

## IV. Conclusion

IT IS HEREBY ORDERED that the defendants' motion to dismiss **[ECF No. 10] is granted in part as set forth in this order.**

IT IS FURTHER ORDERED that if Park elects to file an amended complaint, she must do so on or before January 2, 2026.

Dated: December 5, 2025

_____
Cristina D. Silva
United States District Judge