UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sujung Park,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Cove House, LLC. et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-01350-CDS-BNW<br><br>**ORDER** |

　　　Defendants move this Court to reconsider its order at ECF No. 14, in which it grants Plaintiff's request for circulation of notice of the pendency of this action. ECF No. 15. Plaintiff opposed. ECF No. 18. Defendants did not reply.

　　　The parties are familiar with the facts and arguments underlying the instant motion. As a result, the Court will include them as relevant to its order.

**I.　ANALYSIS**

　　　A motion to reconsider "is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Feltzs v. Cox Commc'ns Cal., LLC*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021) (internal quotation marks omitted). "A district court may reconsider its prior rulings so long as it retains jurisdiction over the case." *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (citing *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)).

　　　In this district, motions to reconsider interlocutory orders are governed by LR 59-1. That rule explains that "[r]econsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

Defendants' motion simply explains that counsel had connectivity issues due to being abroad. But critically, it fails to provide arguments that fall within any of the three categories under LR 59-1. Accordingly, Defendants' motion will be denied.

However, this Court takes the opportunity to clarify a few points. First, class certification is conditional at this stage. *See Dualan v. Jacob Transportation Servs., LLC*, 172 F. Supp. 3d 1138, 1144 (D. Nev. 2016). Second, this Court will toll the statute of limitations for plaintiffs who opt in to this case until October 7, 2025, when this Court entered the order deciding Plaintiff's motion to circulate. ECF No. 14. Should Plaintiff want additional tolling, they may brief it.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for reconsideration (ECF No. 15) is **DENIED**.

DATED: December 8, 2025.

                                           BRENDA WEKSLER
                                           UNITED STATES MAGISTRATE JUDGE